IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Carvajal, #52089-054, | ) | C/A No.: 1:15-1047-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Joseph Carvajal ("Petitioner"), proceeding pro se, is a federal inmate incarcerated at Federal Correctional Institution ("FCI") Salter. He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.    Factual and Procedural Background

Petitioner alleges that he was convicted of conspiracy to make and distribute counterfeit currency, conspiracy to distribute and possession with the intent to distribute cocaine base, and passing counterfeit currency. [ECF No. 1 at 2]. A review of Petitioner's criminal case reflects that a jury found him guilty of conspiracy to make and distribute United States currency, of passing such currency in the amount of $6,680, and of conspiracy to distribute crack cocaine. *See United States v. Carvajal,* No. 4-cr-222-AKH-

1, ECF No. 50 (S.D.N.Y. Mar. 4, 2005).[1] The court sentenced Petitioner as a career offender and imposed a term of imprisonment of 168 months. *Id.* at 50. Petitioner filed an appeal challenging his sentence and conviction on March 25, 2005, which the Second Circuit Court of Appeals denied on September 5, 2007. *Id.* at ECF Nos. 53, 61. Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255 on February 18, 2014, which the district court denied as untimely on May 29, 2014. *See United States v. Carvajal,* No. 14-cv-1217-AKH, ECF Nos. 1, 5 (S.D.N.Y. May 29, 2014). Petitioner then filed a motion for leave to file a successive 28 U.S.C. § 2255 motion, which was denied by the Second Circuit Court of Appeals on March 16, 2015. *Id.* at 7. Petitioner now challenges his sentence and argues he is actually innocent of the classification of career offender that in light of new developments in case law because his enhancement was based on a consolidated sentence. [ECF No. 1 at 1, 3].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citations omitted). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks

by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy" and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F.Supp.2d 755, 761–62 (D.S.C. 2006) (quotation omitted).

Therefore, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause.

> 2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal convictions and sentences under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner unsuccessfully filed a direct appeal and a § 2255 motion. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

4

Additionally, Petitioner fails to satisfy the criteria set forth by the Fourth Circuit Court of Appeals to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

Petitioner fails to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner attempts to invoke § 2255's savings clause by demonstrating that the sentencing court improperly enhanced his sentence. In support of his argument, Petitioner cites to *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) (holding "that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement") and *Alleyne v. United States*, __ U.S.__, 133 S. Ct. 2151 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt). Petitioner's argument fails, because the holding in *Davis* and *Alleyne* do not apply retroactively on collateral review. *See, e.g., Lee v. United States*, Nos. 7:07-CR-79-D, 1:11-CV-177-D, 2013 WL 5561438, *3 (E.D.N.C. Oct. 8, 2013); *United States v. Stewart*, 540 F. App'x 171, 172 n* (4th Cir. 2013).

Petitioner also cites to *Persaud v. United States,* __ U.S. __, 134 S. Ct. 1023 (2014) and *Surratt v. United States*, 2014 WL 2013328 (W.D.N.C. May 16, 2014) and argues that the Solicitor General ordered the Fourth Circuit "to apply application in these cases." [ECF No. 1 at 1]. Although the United States Supreme Court recently vacated and remanded *Persaud* to the Fourth Circuit, the remand decision was not substantive and did not change Fourth Circuit precedent.[3] *Persaud v. United States*, 134 S. Ct. 1023 (2014). The Fourth Circuit, in turn, remanded *Persaud* to the Western District of North Carolina, and to date, the Western District of North Carolina has not issued an order addressing the issues raised in the remand decision. *See* C/A No. 3:12-CV-509, ECF No. 13 (W.D.N.C. Nov. 26, 2012). Additionally, after the Supreme Court's remand in *Persaud*, the Fourth Circuit has subsequently affirmed a district court order holding that a petitioner could not challenge a sentencing enhancement via § 2241. *See* Order, *Rouse v. Wilson*, No. 1:13-cv-748 (GBL/TRJ) (E.D.Va. Feb. 19, 2014), aff'd *Rouse v. Wilson*, __F. App'x __, 2014 WL 4823637, at *1 (4th Cir. 2014). As the Fourth Circuit noted in *Rouse*, "[t]he district court properly determined that Rouse could not proceed with his claims under § 2241." *Rouse*, 2014 WL 4823637, at n*.

Further, in *Surratt v. United States*, No. 3:12-CV-513, No. 3:04-CR-250-19, 2014 WL 2013328, *5 (W.D.N.C. May 16, 2014), the court followed Fourth Circuit precedent and denied Surratt's § 2241 petition. The *Surratt* court found that because he contested

---

[3] Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34).

his sentence, and not his underlying conviction, that Surratt did not meet § 2241's savings clause. As Petitioner cannot demonstrate that a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255 and this case is subject to summary dismissal.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the court dismiss the petition in the above-captioned case without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

May 20, 2015                                             Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).